IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 1 1 2001

Robert M March
CLERK

ARTHUR F. SILVA, as Personal Representative
of the Heirs and Estate of ARTHUR SILVA,
Deceased, and MARY G. SILVA, Individually,

    Plaintiffs,

vs.                                   Civ. No. 90-811 MV/WWD

OWENS CORNING FIBERGLAS CORPORATION,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court as a result of Plaintiffs' Motion to Quash the Deposition Notice of James Popp and Motion for Protective Order filed by facsimile. The genesis of the motion was a notice of deposition sent by Attorney Ronald Hellbusch on June 5, 2001, which notice purported to set the deposition of James Popp on June 6, 2001. A telephone conference with counsel was held on the morning of June 6, 2001. Attorney Hellbusch had not sought the consent of opposing counsel for the accelerated scheduling in violation of D.N.M. LR-Civ. 30.1; nor had he sought permission from the Court to move on such an accelerated basis. No viable excuse was offered for the unilateral filing of an accelerated notice of deposition or for the failure to seek either consent from an opposing party or permission from the Court so to proceed. By his precipitous action, attorney Hellbusch has wasted the time of the Court and counsel. Accordingly, it is appropriate that attorney Hellbusch reimburse Plaintiff for

the attorney fees reasonably necessary in filing the aforementioned motion to quash and motion for protective order.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Quash the Deposition Notice of James Popp and Motion for Protective Order be, and it is hereby, granted.

**IT IS FURTHER ORDERED** that discovery in this cause shall be extended solely for the purpose of taking the deposition of James Popp on or before September 5, 2001.

**FINALLY, IT IS ORDERED** that on or before June 29, 2001, attorney Hellbusch shall pay reasonable attorney fees to Plaintiffs in connection with the above cited matter in the amount of $200.00.

_____
UNITED STATES MAGISTRATE JUDGE