IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY G. SILVA,
Individually and as Personal
Representative of the Heirs and
Estate of ARTHUR SILVA, Deceased,

        Plaintiff,

vs.

        No. Civ. 90-811 MV/WWD

OWENS CORNING FIBERGLAS
CORPORATION, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on (1) Baker & Hostetler LLP and Modrall, Sperling, Roehl, Harris & Sisk, P.A.'s Motion to Withdraw as Counsel of Record for Defendant Asbestos Claims Management Corporation, filed March 23, 2001 [Doc. No. 107]; (2) Plaintiff's Joint [sic] Motion to Appoint Personal Representative and Amend Complaint to Substitute, filed February 28, 2001 [Doc. No. 105] and April 9, 2001 [Doc. No. 108]; and (3) Plaintiff's Motion for Leave to File Amended Complaint, filed February 28, 2001 [Doc. No. 106] and April 9, 2001 [Doc. No. 113].[1]

## I. PRELIMINARY ISSUES

Plaintiff Mary G. Silva filed twice her Joint [sic] Motion to Appoint Personal Representative and Amend Complaint to Substitute [Doc. Nos. 105 and 108] and her Motion

---

[1] The ACE docket sheet for this case uses the date provided on the certificate of service as the "filing" date for motions. Consequently, the ACE provides that Doc. Nos. 108 and 113 were filed February 27, 2001.

for Leave to File Amended Complaint [Doc Nos. 106 and 113]. (It appears that Plaintiff circulated her two motions on February 27, 2001, filed the motions on February 28, 2001, and then refiled the motions when she filed the motion packet for each motion on April 9, 2001.) The first set of the motions [Doc. Nos. 105 and 106] will be stricken as duplicative of the second set of motions [Doc. Nos. 108 and 113] (and in violation of the local motion packet rule, D.N.M.LR-Civ. 7.3(a)(5)). The response and reply currently "attached" to each motion on the ACE docket sheet will be "reattached" to the second set of motions, i.e., Doc. Nos. 110 and 111 with Doc. No. 108 and Doc. Nos. 115 and 116 with Doc. No. 113.

## II.  COUNSEL'S MOTION TO WITHDRAW

Baker & Hostetler LLP and Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Counsel) were retained by the Center for Claims Resolution, Inc. (CCR) to represent Defendant Asbestos Claims Management Corporation (ACMC), f/k/a National Gypsum Company. No party filed a response to Counsel's motion to withdraw as counsel for Defendant ACMC. Counsel attached to their motion Defendant ACMC's January 22, 2001, consent for the withdrawal of counsel retained to represent it by the CCR. In their motion, Counsel also provide the notice required by Local Rule 83.8. Failure to object to a motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.5(b). Therefore, Counsel's motion to withdraw will be granted.

## III.  PLAINTIFF'S MOTION TO APPOINT

Plaintiff's Joint [sic] Motion to Appoint Personal Representative and Amend Complaint to Substitute seeks to appoint and substitute Arthur F. Silva, son of Plaintiff and Arthur Silva, Deceased, as Personal Representative of the Heirs and Estate of Arthur Silva, Deceased, on

the basis that Plaintiff recently has become unable to physically or mentally act as representative of Arthur Silva's Estate. Defendant United States Gypsum Company objects to the representation that it jointly petitions the Court for the above action, although it states it has no objection to the merits of Plaintiff's motion. Plaintiff's motion to appoint will be granted.

### IV.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND

In her second motion, Plaintiff requests leave to amend her complaint (1) to appoint (and substitute) Arthur F. Silva as Personal Representative of the Heirs and Estate of Arthur Silva, Deceased, and (2) to add a state law claim for loss of spousal consortium. I have concluded above that Plaintiff's appointment/substitution request should be granted. Consequently, Plaintiff's identical request in her motion for leave to amend is moot.

When Plaintiff filed her complaint on August 17, 1990, New Mexico did not recognize a cause of action for loss of spousal consortium. Plaintiff, therefore, did not allege such a claim in her complaint. In 1991, the action was sent to the Multi District Litigation Panel. In 1994, the New Mexico Supreme Court recognized a cause of action for loss of spousal consortium. Romero v. Byers, 117 N.M. 422, 872 P.2d 840 (1994). In November 2000, the case was remanded to this Court. In anticipation of the remand, on August 7, 2000, Plaintiff sent her first proposed amended complaint to Defendant United States Gypsum Company (USGC), adding a loss of spousal consortium claim and substituting Arthur F. Silva as Personal Representative. In February 2001, Plaintiff filed a motion for leave to amend her complaint to add a loss of spousal consortium claim. Defendant USGC argues that Plaintiff is barred from alleging such a claim because the cause of action was not available at the

commencement of this matter. In the alternative, Defendant USGC contends that Plaintiff's request is untimely.

Neither party briefed the issues of the applicability of Romero to an action filed four years before the decision, of the applicable statute of limitations and point of claim accrual, or the interrelationship between the applicability of Romero, the accrual of a loss of consortium claim, and the applicable statute of limitations. Furthermore, the Court is perplexed why Plaintiff failed to seek leave from the Multi District Litigation Panel to amend her complaint to add the loss of spousal consortium claim in 1994, when the cause of action was recognized in New Mexico. Notwithstanding the above, the Court concludes that Defendant USGC's arguments are not well-taken. As to Defendant USGC's first argument, although in 1990, when Plaintiff filed her in complaint, there was no cause of action for loss of spousal of consortium in New Mexico, in recognizing such a cause of action in 1994, the New Mexico Supreme Court held that its recognition applied retroactively to "those appropriate cases in which trial commences after the date on which this opinion becomes final," (i.e., after March 16, 1994). Romero, 117 N.M. at 429, 872 P.2d at 847. This case was pending at the time the Romero decision was rendered, and thus within the scope of the applicability of Romero. Although Plaintiff should have sought leave to amend her complaint before now, Defendant USGC has shown no prejudice to it if such leave was granted. Conclusory allegations of surprise or prejudice are insufficient. Therefore, Plaintiff's request to amend her complaint to add a loss of spousal consortium claim will be granted.

## V.   REMAINING ISSUES

On May 17, 2001, Plaintiffs Arthur F. Silva and Mary G. Silva filed a First Amended

4

Complaint and Jury Trial Demand. Plaintiffs' amended complaint adds and substitutes Arthur F. Silva as Personal Representative and adds a claim for loss of consortium. On May 17, 2001, Defendant filed an answer to Plaintiffs' amended complaint. In its answer, Defendant objects to Plaintiffs' addition in its amended complaint of a claim for loss of consortium, noting that the issue was still pending before the Court and reiterating its previous arguments. Although at the time Plaintiffs filed their amended complaint the Court had made no determination as to whether Plaintiff Mary G. Silva should be allowed leave to add a loss of consortium claim, for efficiency reasons Plaintiffs' amended complaint and Defendant's answer will not be stricken, but will be considered the controlling pleadings in this case. This memorandum opinion disposes of Defendant's objection in its answer to the addition of a loss of consortium claim.

With the exception of one deposition, discovery closed in this case on June 6, 2001. The Court presumes that the loss of consortium claim was a subject of discovery. The parties shall have five working days from the filing date of the memorandum opinion to advise the Court otherwise.

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Joint [sic] Motion to Appoint Personal Representative and Amend Complaint to Substitute, filed February 28, 2001 [Doc. No. 105], and Plaintiff's Motion for Leave to File Amended Complaint, filed February 28, 2001 [Doc. No. 106], are STRICKEN as duplicative of Document Nos. 108 and 113, respectively. The response and reply currently "attached" to each motion on the ACE docket

sheet for this action shall be "reattached" to the second set of the motions (i.e., Doc. Nos. 110 and 111 shall be attached to Doc. No. 108, and Doc. Nos. 115 and 116 shall be attached to Doc. No. 113).

**IT IS FURTHER ORDERED** that Baker & Hostetler LLP and Modrall, Sperling, Roehl, Harris & Sisk, P.A.'s Motion to Withdraw as Counsel of Record for Defendant Asbestos Claims Management Corporation [f/k/a National Gypsum Company], filed March 23, 2001 [Doc. No. 107], is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Joint [sic] Motion to Appoint Personal Representative and Amend Complaint to Substitute, filed February 27, 2001 (April 9, 2001) [Doc. No. 108], is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, filed February 27, 2001 (April 9, 2001) [Doc. No. 113], is GRANTED as to her claim regarding loss of spousal consortium. Plaintiff's claim in this motion regarding the appointment and substitution of Arthur F. Silva is moot.

**IT IS FURTHER ORDERED** that Plaintiffs' First Amended Complaint and Jury Trial Demand, filed May 17, 2001 [Doc. No. 125], and Defendant's Answer to Plaintiff's [sic] First Amended Complaint and Jury Demand, filed May 17, 2001 [Doc. No. 126], shall be the controlling pleadings in this action. Defendant's objection in its answer to the Plaintiffs' addition of a loss of consortium claim to their complaint is moot.

**IT IS FURTHER ORDERED** that if the parties require additional discovery as to Plaintiffs' loss of consortium claim, they shall advise the Court of such need within <u>five</u>

working days from the filing date of this memorandum opinion and order.

_____
UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff: BARON & BUDD, P.C., Dallas, Texas

Counsel for Defendant U.S. Gypsum Co.: BAKER & HOSTETLER LLP, Denver, Colorado, and MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A., Albuquerque, New Mexico

Counsel for Defendant Asbestos Claims Management Corporation (f/k/a National Gypsum Company): BAKER & HOSTETLER LLP, Denver, Colorado, and MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A., Albuquerque, New Mexico